**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DONDI GUKEISEN,

Plaintiff,

v. Case No.:

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.
and TRANS UNION LLC,

Defendants.

_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Dondi Gukeisen (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); Experian Information Solutions, Inc. (hereinafter "Experian"); and Trans Union LLC (hereinafter "Trans Union") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter

"Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted that "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy." Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Sarasota County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its

registered agent, C T Corporation System, located at 1200 South Pine Island Rd, Plantation, Florida 33324.

14.Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

15.Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

18.Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

**<u>FACTUAL ALLEGATIONS</u>**

19.On or about November 25, 2023, Plaintiff agreed to help her daughter obtain financing for a vehicle, with the understanding that her daughter would make all payments and maintain insurance on the vehicle. Unbeknownst to Plaintiff at the time, the vehicle financing was placed solely in Plaintiff's name as an individual account with the furnisher, rather than as a co-signed or joint account.

20.Plaintiff's daughter made the payments on the account both before and after the events described below, and Plaintiff had no reason to believe there was any issue with the account.

21.On or about June 6, 2024, another vehicle struck the rear of the vehicle while Plaintiff's daughter was driving it and the vehicle was declared a total loss.

22.The vehicle was covered by insurance through USAA, which issued a total loss settlement, as well as a Guaranteed Asset Protection ("GAP") policy intended to cover any remaining loan balance not satisfied by the insurance settlement.

23.Plaintiff's daughter continued making payments on the account through approximately September 2024, believing that the GAP policy would satisfy the remaining balance on the loan.

24.It was not until 2025 that Plaintiff discovered that the vehicle financing had been placed entirely in her name as an individual account, when she saw an account with a delinquent payment history being reported on her credit file.

25. Despite the vehicle being covered by insurance and a GAP policy that should have satisfied the remaining balance, the account was reported as delinquent, and later charged off, with a negative payment history.

26. When Plaintiff contacted the GAP provider regarding the remaining balance, she was informed that the claim could not be processed due to an issue with paperwork; Plaintiff never received any further communication or resolution from the GAP provider following that call.

27. The balance on the account has since been paid to $0.00; however, the derogatory late payment marks placed on the account remain inaccurate, as the underlying delinquency was caused by the GAP provider's failure to timely satisfy the remaining balance, not by any action or inaction of Plaintiff.

28. On or about July 9, 2025, Plaintiff pulled her credit reports and observed the following regarding the account (hereinafter the "Disputed Account"):

i. Equifax reported the account as "The Credit Union LN Source," account #6988, opened November 25, 2023, with a $0.00 balance and a status of charge off;

ii. Experian reported the account as "Cinch Auto Finance," account #380xxx, opened November 25, 2023, with a status of charged off; and

iii. Trans Union reported the account as "Culs DBA Cinch Auto Fin," account #38069**, opened November 25, 2023, with a $0.00 balance and a status of charge off.

29. On or about July 16, 2025, Plaintiff mailed detailed written dispute letters via USPS to Equifax (9589 0710 5270 1522 9025 34), Experian (9589 0710 5270 1522 9025 27), and Trans Union (9589 0710 5270 1522 9025 41). In the letters, Plaintiff explained that she had agreed only to help her daughter obtain financing, that the vehicle had been declared a total loss and was covered by insurance and a GAP policy that should have satisfied the remaining balance, and that the resulting derogatory marks were inaccurate. Plaintiff included substantial documentation and information showing the alleged loan was paid off, and requested that Equifax, Experian, and Trans Union investigate and correct the inaccurate derogatory marks on the Disputed Account.

30. On or about July 22, 2025, Plaintiff received a letter from Equifax requesting additional information; the derogatory marks remained on Plaintiff's credit file.

31. As of the filing of this Complaint, Plaintiff has never received any results from Experian or Trans Union as to her dispute, and the derogatory marks have remained on her credit file with both agencies.

32. On or about August 19, 2025, Plaintiff obtained updated credit reports and discovered that Equifax and Trans Union continued to report the Disputed Account

as derogatory and/or charged off, and that Experian continued to report the Disputed Account, now reflecting it as paid and closed but without removing the derogatory payment history.

33.Equifax, Experian, and Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information they received from the furnisher. Each of the CRAs received all the information necessary to have determined that the derogatory marks resulted from the GAP provider's delay in satisfying the balance and not from any fault of Plaintiff.

34.Equifax, Experian, and Trans Union never attempted to contact Plaintiff during any purported investigation.

35.Upon information and belief, Equifax, Experian, and Trans Union each notified the furnisher of Plaintiff's disputes; however, the furnisher failed to conduct a reasonable investigation and merely compared its own erroneous data against that provided by the CRAs.

36.Despite Plaintiff's best efforts to have the inaccurate derogatory marks removed from her credit file, Equifax, Experian, and Trans Union continue to inaccurately report the Disputed Account. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

37. Plaintiff continues to suffer as of the filing of this Complaint with Equifax, Experian, and Trans Union's reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

38. At any point during this process, had Equifax, Experian, and Trans Union conducted a reasonable investigation in response to Plaintiff's disputes, the results would have been different.

39. Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

40. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct her credit file has resulted in fees and costs;

ii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iii. Reduction in credit score as the Defendants failed to properly investigate the disputed information;

iv. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

v. Defamation as Plaintiff's information has been published to third parties including but not limited to MyFICO to calculate Plaintiff's credit score as well as to soft and promotional inquiries.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services LLC (Negligent)

41.Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

42.Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

43.Equifax allowed for the furnisher to report inaccurate and erroneous derogatory information to Plaintiff's credit file, despite information reasonably available showing that the delinquency resulted from the GAP provider's failure to timely satisfy the remaining balance on the account.

44.Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

45.Equifax selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

46.Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

47.As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

48.The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

49.Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Dondi Gukeisen, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**

**Defendant, Equifax Information Services LLC (Willful)**

50.Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

51.Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

52.Equifax allowed for the furnisher to report inaccurate and erroneous derogatory information to Plaintiff's credit file, despite information reasonably available showing that the delinquency resulted from the GAP provider's failure to timely satisfy the remaining balance on the account.

53.Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

54.Equifax selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

55.Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

56.As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming

from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

57. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

58. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Dondi Gukeisen, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

59. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

60. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to

filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in her disputes; and (v) relying upon verification from a source it has to know is unreliable.

61. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

62. Plaintiff provided Equifax with the information it needed to confirm that the derogatory marks were inaccurate, including proof of the GAP policy that should have satisfied the remaining balance. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

63. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

64. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

65.Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Dondi Gukeisen, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

66.Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

67.After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in her disputes; and (v) relying upon verification from a source it has to know is unreliable.

68.Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

69. Plaintiff provided Equifax with the information it needed to confirm that the derogatory marks were inaccurate, including proof of the GAP policy that should have satisfied the remaining balance. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

70. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

71. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

72. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Dondi Gukeisen, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-

judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Negligent)**

73.Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

74.Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

75.Experian allowed for the furnisher to report inaccurate and erroneous derogatory information to Plaintiff's credit file, despite information reasonably available showing that the delinquency resulted from the GAP provider's failure to timely satisfy the remaining balance on the account.

76.Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

77.Experian selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

78.Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

79. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

80. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

81. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Dondi Gukeisen, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

## COUNT VI
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

82. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

83.Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

84.Experian allowed for the furnisher to report inaccurate and erroneous derogatory information to Plaintiff's credit file, despite information reasonably available showing that the delinquency resulted from the GAP provider's failure to timely satisfy the remaining balance on the account.

85.Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

86.Experian selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

87.Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

88.As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

89.The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

90.Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Dondi Gukeisen, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

## COUNT VII
## Violation of 15 U.S.C. § 1681i as to Defendant, Experian Information Solutions, Inc. (Negligent)

91.Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

92.After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in her disputes; and (v) relying upon verification from a source it has to know is unreliable.

93.Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

94.Plaintiff provided Experian with the information it needed to confirm that the derogatory marks were inaccurate, including proof of the GAP policy that should have satisfied the remaining balance. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

95.As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

96.The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

97.Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Dondi Gukeisen, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

98.Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

99.After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in her disputes; and (v) relying upon verification from a source it has to know is unreliable.

100. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

101. Plaintiff provided Experian with the information it needed to confirm that the derogatory marks were inaccurate, including proof of the GAP policy that should have satisfied the remaining balance. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

102. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

103. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

104. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Dondi Gukeisen, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

## COUNT IX
## Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Negligent)

105. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

106. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

107. Trans Union allowed for the furnisher to report inaccurate and erroneous derogatory information to Plaintiff's credit file, despite information reasonably available showing that the delinquency resulted from the GAP provider's failure to timely satisfy the remaining balance on the account.

108. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

109. Trans Union selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

110. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

111. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

112. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

113. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Dondi Gukeisen, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT X**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

114. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

115. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

116. Trans Union allowed for the furnisher to report inaccurate and erroneous derogatory information to Plaintiff's credit file, despite information reasonably available showing that the delinquency resulted from the GAP provider's failure to timely satisfy the remaining balance on the account.

117. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

118. Trans Union selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

119. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

120. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

121. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

122. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Dondi Gukeisen, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT XI**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

123. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

124. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in her disputes; and (v) relying upon verification from a source it has to know is unreliable.

125. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

126. Plaintiff provided Trans Union with the information it needed to confirm that the derogatory marks were inaccurate, including proof of the GAP policy that should have satisfied the remaining balance. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

127. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

129. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Dondi Gukeisen, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

## COUNT XII
## Violation of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC (Willful)

130. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

131. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in her disputes; and (v) relying upon verification from a source it has to know is unreliable.

132. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

133. Plaintiff provided Trans Union with the information it needed to confirm that the derogatory marks were inaccurate, including proof of the GAP policy that should have satisfied the remaining balance. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

134. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

135. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

136. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Dondi Gukeisen, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Dondi Gukeisen, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC; Experian Information Solutions, Inc.; and Trans Union LLC, jointly and severally; attorneys' fees and

costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 18th day of September, 2026.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email: Tav@theconsumerlawyers.com
Secondary Email: Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*